THE IMPERIAL LIFE INSURANCE COMPANY v. JOSEPH F. HAMBITZER, STATE TREASURER.

*Life insurance—Deposit by company with State Treasurer—Withdrawal.*

The State Treasurer will not be required to grant the application of a life insurance company, which has ceased to issue policies. because of the impairment of its capital, and whose death claims and present value of outstanding policies approximate the amount of its deposit with the State Treasurer as security for policy-holders, to withdraw a portion of said deposit for the

95 MICH.—33.

> purpose of paying said death claims, in view of the critical condition of the applicant's affairs, and the right of policy-holders and other creditors to be heard, and the further fact that its liabilities may have been largely increased by deaths since the date of the computation upon which the application is based.

Application for an order requiring the respondent to deliver to petitioner sufficient of the securities deposited with him as security for policy-holders to pay petitioner's death claims, and also to deliver the surplus of such securities over and above the remaining risks of petitioner. Argued April 11, 1893. Petition denied May 31, 1893. The facts are stated in the opinion.

*Hoyt Post,* for petitioner.

*A. A. Ellis,* Attorney General, for respondent.

HOOKER, C. J. The petitioner insurance company, organized under chapter 131, How. Stat., asks an order under section 12 of said chapter (How. Stat. § 4227) to compel the respondent to deliver to petitioner certain securities now on file in the office of the State Treasurer. These securities were deposited by petitioner in accordance with the statute (Act No. 36, Laws of 1887), which requires life insurance companies, before issuing any policies or assuming any risks, to deposit such securities with the State Treasurer, to be held by the Treasurer as security for policy-holders in such company. How. Stat. § 4224. Section 4227 provides that—

"The securities so deposited with the State Treasurer shall remain in his hands notwithstanding the company may cease or be prohibited to do business within the State, and shall only be withdrawn on the order of the Supreme Court, or when the officers of the company shall show by affidavit to the satisfaction of the Secretary of State and State Treasurer that the risks for which the company

remains liable, and for the security of which the same are held, are less than the securities so deposited, in which case the company may be permitted to withdraw the surplus securities over and above the risks which then remain."

The petition shows that about December 1, 1892, it was found by the officers of the petitioning company that the capital of the company had become impaired to an extent that rendered it unprofitable and imprudent to continue business, and it was decided to discontinue the further issue of policies, which it accordingly did on December 5. It further discloses that the treasurer has a sum exceeding $100,000 of the securities of the company on deposit, including about $8,000 in money paid to him on a mortgage. Further, that petitioner has caused a computation to be made by an actuary employed in the insurance department of this State of the present value of policies issued by petitioner in force on December 31, 1892, and that the same amount to $58,252, which, with outstanding claims for death losses upon deaths which occurred prior to said December 31, of $27,500, make a total liability on policy-holders' account of $85,752; that the total assets of petitioner on December 31, 1892, was the sum of $168,-354.35; that it has not the means to pay its losses without using the fund deposited, and that what it has in bank is tied up by garnishee proceedings, and it is left powerless to pay death claims that have been adjusted and are due, which amount to $30,000; that on February 10, 1893, petitioner applied to the Commissioner of Insurance and the State Treasurer to withdraw sufficient of said securities to pay the aforesaid death claims; that the matter was referred to the Attorney General, and, although the Attorney General and Commissioner of Insurance were satisfied with the showing made, and advised complying with the request of petitioner, the deputy-treasurer, acting for the treasurer, declined to deliver over any of the said

securities until directed by the Court, and therefore petitioner was compelled to make this application. The petition concludes with a prayer that an order be made,. as provided by the statute, directing and requiring the State Treasurer to deliver and assign to petitioner sufficient of said securities to pay the said death claims, and also the surplus of said securities over and above the risks of petitioner remaining.

Upon filing this petition an order to show cause was issued to the State Treasurer, who answered, admitting many of the allegations of the petition. He admits that he has securities, and moneys arising therefrom, amounting to $101,988.29, belonging to the petitioner. He does not admit the statement of the outstanding indebtedness, or of the assets beyond the amount deposited. He asserts that he is informed that there are divers other claims pending against the company, and that there are persons claiming interests in the securities on file by reason of endowment policies, which they affirm should be an existing liability against said securities. He further alleges that application was made to him about February 10, 1893, by petitioner to pay over to a trustee the sum of $34,000, to be applied to death claims of $30,000 and other claims that might arise. He denies that application was made for simply the amount of excess over claims and liabilities, but for the delivery of an amount with which petitioner might pay the outstanding liabilities, and thereby reduce them, which the deputy-treasurer, acting for and on behalf of respondent, refused. Respondent. further alleges that he is in receipt of numerous protests from persons claiming to be policy-holders in said company against the withdrawal of said securities, and that, although at first the Commissioner of Insurance was inclined to take a bond and deliver said securities, upon further consideration he and respondent concurred in the opinion that

the application of petitioner should be denied, and leave petitioner to its remedy before the Court. Respondent further alleges that several policy-holders desire to have a hearing before an order for the withdrawal of said securities shall be made.

The treasurer was right in declining to permit the withdrawal of the fund, both for the reason that the application contemplated by the statute was not made, and because of the critical condition of petitioner's affairs. From the showing here made that the petitioner's officers determined that its affairs were in such a condition as to render further business imprudent, the fact that it has death claims and policies outstanding, which, according to its own estimate, approximate the amount deposited, the further fact that this aggregate may have been largely increased by deaths since December 31 last, and the desire of policy-holders to be heard, we think that an order permitting the petitioner to withdraw its fund should not be made by this Court. While it may be entirely satisfactory to petitioner to settle with such policy-holders as it may admit to have claims against the company upon a basis satisfactory to the company, the policy-holders, and other creditors, if there be any, have a right to be heard. We think we must leave the fund where it is until by proper legal proceedings it may be lawfully distributed.

Petition dismissed.

The other Justices concurred.